UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAYNE M. GENDRON,

    Plaintiff,

v.                                         CASE NO. 8:11CV701-T-23MAP

MICHAEL J. ASTRUE, Commissioner
of Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks review of the Commissioner's decision denying his claims for a period of disability, Disability Insurance Benefits ("DIB"), and for Supplemental Security Income ("SSI"). He alleges the ALJ erred by 1) improperly evaluating the medical evidence; and 2) improperly evaluating Plaintiff's pain. Because I find the ALJ's analysis was fatally flawed, the Commissioner's decision is reversed and the matter is remanded for further administrative proceedings.[1]

    *A. Background*

Plaintiff, who was 51 years old at the time of his administrative hearing, has a high school education. (R. 31-32) He has past work history as an electrical mechanic. (R. 32) Plaintiff alleges disability beginning May 15, 2005 due to back pain, and was last insured for Title II

---

[1] This matter has been referred to me for a report and recommendation pursuant to Local Rule 6.01(c)(21).

benefits on December 31, 2010.[2]  After the Social Security Administration initially denied Plaintiff's claims, Plaintiff appealed and subsequently appeared at a hearing before an Administrative Law Judge on March 2, 2009.  Thereafter, on March 24, 2009, the ALJ found Plaintiff not disabled and capable of performing medium work, and the Plaintiff sought review by the Appeals Council.[3]  The Appeals Council denied review, and Plaintiff has now filed this action seeking review of the administrative decisions.

   *B. Standard of Review*

To be entitled to DIB or SSI, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  *See* 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated detailed regulations that are currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review,

---

[2]  The ALJ accurately reports Plaintiff's medical history and I adopt that portion of his decision for purposes of this report and recommendation.  (R.24-26).

[3] "Medium" work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  If someone can do medium work, we determine that he or she can also do sedentary work and light work."  20 C.F.R. §404.1567(c).

further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (*i.e.*, one that significantly limits her ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's RFC, whether the claimant can perform her past relevant work; and (5) if the claimant cannot perform the tasks required of her prior work, the ALJ must decide if the claimant can do other work in the national economy in view of her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert,* 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g); 20 C.F.R. § 416.920(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066

(citations omitted).

### C. Discussion

#### 1. weighing medical evidence

Essentially, Plaintiff claims the ALJ erred by failing to give appropriate weight to the physical limitations imposed by his treating doctor, and instead relied upon the opinions of a single decision maker and a non-examining consulting physician. The ALJ accorded "no significant weight" to Dr. DeCandido's opinions that Plaintiff is unable to bend, lift, or engage in prolonged sitting and standing instead concluding that "there is nothing in the record to support that the claimant was unable to lift 50 pounds occasionally and 25 pounds frequently, to walk, stand, and sit for up to 6 out of 8 hours per day, and to perform postural activities such as climbing, balancing, stooping, kneeling, crouching, and crawling" (R. 26). The ALJ opined that Dr. DeCandido's limitations "appear to be based only on the claimant's subjective complaints and are not supported by the medical record as a whole or even Dr. DeCandido's own objective examination findings (R. 26). I disagree. I find the medical record as a whole, and Dr. DeCandido's records in particular, support a finding that Plaintiff's back pain, central canal stenosis in the thoracic region, multi-level degenerative spurring in the lumbar region, disc bulge with spurring at L3-4 causing central canal stenosis and neural foraminal stenosis on both side, and disc bulge at L4-5 showing stenosis of the subarticular regions on both sides caused at least some limitations and prevent a finding that Plaintiff can perform medium work. *See* MRI reports (R. 231, 233), xray reports (R. 232).

Dr. DeCandido treated Plaintiff from December 2005 through October 2006. His examination produced tender paralumbar muscles with spasm and positive straight leg raises (R.

267, 268, 270, 272). Dr. DeCandido's assessments of Plaintiff resulted in referrals to a pain management specialist, Dr. Panchal, who treated Plaintiff's back pain with facet blocks and SI injections, and to Dr. William Hulley, a neurologist, who performed nerve conduction studies. Dr. Panchal noted discomfort in back flexion beyond 70 degrees and some pain to palpation over left sacroilliac joint (R. 25, 200). Neurologist Dr. Hulley treated Plaintiff from August 2006- January 2007, and he noted on December 6, 2006, that Plaintiff could flex at the waist about 80 degrees, and on January 31, 2007, that Plaintiff could only flex at the waist 15 degrees and could not walk on heels secondary to pain (R. 324-25).

The Eleventh Circuit requires the ALJ to give the testimony of treating physicians, substantial or considerable weight unless "good cause" is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Commissioner's regulations dictate a similar preference:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations or brief hospitalizations.

20 C.F.R. § 404.1527(d)(2).

Moreover, the ALJ must also clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error. *Lewis* at 1440. "Good cause" exists if the doctor's opinion is not bolstered by the evidence, or the evidence supports a contrary finding, or when the doctors' opinions are conclusory or inconsistent with their own medical

records. *Lewis* at 1440 (citations omitted).[4]

In rejecting Dr. DeCandido's the treating doctor's opinions, the ALJ states he relies upon "State agency physicians" who reviewed Plaintiff's claims in August 2006 and March 2007 and concluded that the Plaintiff remained able to perform medium work and "accords substantial weight to these assessments as they are well supported by the medical records and are consistent with each other" (R. 26, citing to Exhibits 6F, 16F). Exhibit 6F is a Physical Residual Functional Capacity Assessment completed by Jose M. Garcia, a single decision maker ("SDM") who has no medical training. As Plaintiff recognizes, a "single decisionmaker," is not one of the "acceptable medical sources" the Commissioner is to consider when evaluating a disability claim. *See* 20 C.F.R. § 404.1513 (listing "acceptable medical sources"). And nothing in the record, aside from its lofty, descriptive title, suggests this "single decisionmaker" possesses any expertise to render the opinions he did. Instead, this nomenclature seems to be an administrative concoction designed to lend authority to the source and the source's findings. *See generally Brown v. Astrue,* 2012 WL 920973 (M.D. Fla. March 19, 2012) (finding that an SDM with no apparent credentials is not an opinion of an acceptable medical source and is not entitled to any weight per 20 CFR §404.1513(a), §416.913(a)); *Hart v. Astrue,* 2011 WL 4356149 (M.D. Fla. 2011) (recognizing that SDM is not entitled to any weight); *Pitt v. Astrue,* 2009 WL 2340685 (M.D. Fla. 2009) (stating that SDM is a non-examining, non-physician law person used in order

---

[4] The Court recognizes the ultimate issue of whether Plaintiff is able to work is one reserved for the Commissioner and one as to which the opinion of a treating physician is not entitled to special significance, 20 C.F.R. § 404.1527(e)(1), (3); however, the ALJ's decision still must address the treating physician's opinion. *See* SSR 96-5p, 1996 WL 374183, at *1 (July 2, 1996) ("[O]pinions from any medical source about issues reserved to the Commissioner must never be ignored, and…notice of the determination or decision must explain the consideration given to the treating source's opinion(s)).

to expedite disability decisions and instructing ALJ on remand to accord the SDM's opinion no weight); *Bolton v. Astrue,* 2008 WL 2038513 at *4 (M.D. Fla. 2008) (Commissioner conceded he "had been conducting a test in Florida, among other states, involving the use a single decision maker (SDM) who may make the initial disability determination without requiring the signature of a medical consultant.").[5] In short, the ALJ's reliance on the single decision maker was not harmless. Importantly for step five purposes, the single decision maker's opinion conflicted with that of the primary treating physician. Moreover, as the Plaintiff notes, the ALJ's reliance solely on a non-examining consultant in reaching his disability and RFC findings is error. As the Eleventh Circuit has recognized, because the state agency non-examining consultant "did not examine Plaintiff, his opinion is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision." *See Swindle v. Sullivan,* 914 F.2d 222, n.3 (11th Cir. 1990). And, the consultant failed to accurately consider all of the medical findings in opining on the exertional and postural limitations (R. 333-34) and failed to discuss or consider Dr. DeCandido's opinions even though the form requests that he do so (R. 338). For these reasons, I recommend remand for further administrative review.

2. *Plaintiff's subjective complaints of pain*

Plaintiff asserts that the ALJ improperly rejected his complaints of disabling pain and inability to lift, stand, twist, bend, and his inability to sit or stand for prolonged periods of time

---

[5] The *Bolton* court (Magistrate Judge Snyder), like other courts who have confronted the issue, rejected the evidence and remanded the matter with instructions that the Commissioner give the SDM "no weight." *Id.* at *4 (see cases cited therein). In so doing, Judge Snyder quoted a Colorado district court's rebuke: "an SDM is not a medical professional of any stripe" and a finding from one is "entitled to no weight as a medical opinion, nor to consideration as evidence from other non-medical sources." *Bolton, supra,* at *4 quoting *Velasquez v. Astrue,* 2008 WL 791950 at *3 (D. Colo. 2008).

7

(R. 104). He claims on his Activities of Daily Living report that without medication his back pain is a ten out of ten, and that pain medications (Naprosen, Flexeril, and Hydrocodone) reduce his pain to a two or three out of ten but don't completely relieve his pain (R. 144). Plaintiff also reports that he was unable to partake in physical therapy as it was not covered by his insurance (R. 145). He is able to cook meals out of a box or can, and use the mircrowave, but cannot cook at the stove due to increased pain from standing. He is able to do light dusting, but his roommate cleans the floors. He is able to do laundry, but has difficulty lifting wet clothes from washer and must rest afterward. He shops, but buys small amounts due to lifting problems and uses an electric cart. He is able to sleep using a pillow under the small of his back, and has difficulty getting comfortable. He is able to drive a car, but has pain boarding and getting into the car. He states that "I feel like pain is a constant toothache that won't quit all tasks are a challenge." (R. 145). He also states:

> I cannot twist stand or reach. My dexterity is affected by tingling and pins and needles, In my hands everything I do I must think about first. I fill laundry ½ way to avoid strain. I spent my working life twisting, bending, crawling, climbing, and handling small and large items as an electrician. I used to enjoy tinkering with cars I can't bend to do that. I can't sit or stand for any length of time. I am in a recliner when at home. If I walk I must rest.

(R. 146). Plaintiff's pain complaints in his Activities of Daily Living and in his testimony are consistent with the subjective complaints contained within the medical evidence. He reported to Dr. DeCandido that and medical records from the Ulmerton Medical Clinic in July 2006 describe he was in some distress secondary to chronic low back pain (R. 270) and in June 2006 that he had pain with palpation (R. 273). More recent medical records from neurologist Hulley indicate that in October 2006 the neurologist did not feel this is a surgical problem (R. 320), and

in December 2006 that the prescribed Naprosyn was no help, and that Plaintiff had increased pain with "everything" (R. 324). Physical examination showed flexion at waist about 80º in December 2006 (R. 324). In January 2007, Dr. Hulley noted Plaintiff reported increased pain with bending and twisting, and examination revealed flexion at waist 15º and that Plaintiff "cannot walk on heels secondary to pain" (R. 325).

The Commissioner must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence. *See* 20 C.F.R. §§ 404.1529 and 416.929. "Objective evidence" means medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings. 20 C.F.R. §§ 404.1528 and 404.928. "Other evidence," as that term is used here, includes evidence from medical sources, medical history, and statements about treatment the claimant has received. *See* 20 C.F.R. §§ 404.1512(b)(2)-(6) and 416.912(b)(2)-(6). The Eleventh Circuit pain standard incorporates this scheme by requiring: (1) evidence of an underlying medical condition and either (a) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (b) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Foote v. Chater,* 67 F.3d 1553, 1560-61 (11th Cir. 1995); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).

The ALJ opined that Plaintiff's subjective complaints were unsupported by medical evidence, and that his symptoms would not prevent him from performing a full range of medium work. On remand, I find that the Commissioner should consider the Plaintiff's subjective complaints in light of the medical evidence and also consider the Plaintiff's lack of money and

9

insurance coverage for recommended medical treatment. *See* (R. 325, "Can't do PT, 2º insurer") In *Dawkins v. Bowen*, the Eleventh Circuit agreed that poverty excuses noncompliance with prescribed medical treatment. 848 F.2d 1211, 1213-1214 (11th Cir. 1988).

For the foregoing reasons, it is hereby

RECOMMENDED:

1. The Commissioner's decision be reversed and the matter is remanded to the Commissioner for further administrative proceedings consistent with this order.

2. The Clerk be directed to enter judgment for the Plaintiff and close the case.

IT IS SO REPORTED at Tampa, Florida on June 13, 2012.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: Hon. Steven D. Merryday
     Counsel of Record