UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAYNE M. GENDRON,

    Plaintiff,

v.                                           Case No. 8:11-cv-701-T-23MAP

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Following the entry of a judgment remanding this Social Security matter for further administrative proceedings per sentence four of 42 U.S.C. § 405(g), the Plaintiff now moves to extend the time for filing a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). *See* doc. 23. More particularly, the Plaintiff asks leave to file his fee request until 30 days after the date of the Commissioner's decision awarding benefits. The Plaintiff, however, filed his motion a couple days after Fed. R. Civ. P. 54(d)(2)'s 14-day deadline. In view of the Plaintiff's tardiness, the Commissioner objects to the motion (doc. 24). For the reasons stated below, I recommend the Court grant the Plaintiff's motion.[1]

---

[1] Plaintiff filed two motion related motions. The first (doc. 22) seeks leave under Fed. R. Civ. P. 6(b) file out of time his second motion (doc. 23), which is his request to extend the time for filing a future motion for attorney's fees (docs. 23). The reasons for granting the second make granting the first appropriate. I find the issue requires a report and recommendation given that Rule 54(d)(2)(D) says the court may refer attorney fee petitions "to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." While the motion before the court is not for an award of fees, denying the motion would mean the denial of fees, which would be a dispositive result on the fee question.

Determining the proper time for filing a motion for attorney's fees in a Social Security case is a muddled affair. In *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th. Cir 2006), the Eleventh Circuit determined Fed.R.Civ.P. 54(d)(2)(B)'s time limits applied to attorney fee petitions under 42 U.S.C. § 406(b). That means 14 days after the entry of judgment, as no statute or a court order provides otherwise. Rule 54(d)(2)(B)(i). But *Bergen* also recognized that rule's application posed problems in § 406(b) applications. *Id*; *see also Blitch v. Astrue*, No. 07-11298, 2008 WL 73668, at *1 n.1 (11th Cir. Jan. 8, 2008) (reversing district court's denial of fee petition in Social Security citing *Bergen*).[2] Unlike the run-of-the-mill fee petitions, a successful Social Security claimant must await the administration's determination of a fee award before he can move for fees under § 406(b). That administrative process can take months, if not longer. This makes Rule 54's 14-day deadline from the date of the judgment an "untenable position." *Rosenthal v. Astrue*, No. 5:10-cv-67-Oc-10TBS, 2011 WL 6010348 (M.D. Fla. November 30, 2011) (Hodges, J.).[3] Accordingly, *Rosenthal* construed Rule 54(d)(2)(B) liberally and determined the rule's 14-day limitations period should start on the date of the Commissioner's notice awarding

---

[2] In *Blitch*, the Commissioner did not object to the timeliness of the petition, unlike here.

[3] *Bergen* suggested the better practice would be for the court include in its judgment remanding the matter to add a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past-due benefits. 454 F.3d at 1278 n.2. In *Rosenthal*, Judge Hodges, who served on the *Blitch* panel, observed that even *Bergen's* suggestion proved problematical in practice.

benefits, which is the position the Plaintiff essentially advances here.[4]  *See also Cook v. Commissioner of Social Security*, No. 3:08-cv-912-J-34MCR, 2010 WL 2871816 (M.D. Fla. July 20, 2010).  Finding *Rosenthal* persuasive on the issue, it is hereby

RECOMMENDED:

1. Plaintiff's motion for an extension of time to file for attorney's fees (doc. 23) is granted to the extent that Plaintiff may file his motion for attorney's fees within 14 days from the date of any notice issued by the Commissioner awarding him benefits.

2. Plaintiff's motion for leave to file out of time a motion requesting an extension of time to file for attorney's fees (doc. 22) should be granted.

IT IS SO REPORTED at Tampa, Florida on August 15, 2012.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1); Local Rule 6.02.

cc: Hon. Steven D. Merryday
    Counsel of Record

---

[4] Plaintiff seeks 30 days as opposed to 14 days.